Our next case is Winston Cho Godfrey v. Michael Ball et al. Good morning, Attorney Peng. I know that we may have questions about the substantive appeal but there was a motion to adjourn oral argument which we denied because it seemed that there was a motion, your motion, to dismiss this appeal which the government opposed and it seemed prudent to have you in to explain that issue first. Of course, I will defer to my colleagues but I thought it might be worthwhile to address that issue first. Okay. Thank you, Your Honor. I appreciate that. I assume you don't dispute that as to 1226, the issue is moved and as to 1231, it's premature because the 91-day period hasn't run. That's correct. If you consider this court's denial of the petition to transfer the detention to be under 8 U.S.C. 1231. Is that correct? That is correct. With that premise, can you address the motion to dismiss? Yes. If, unless my colleagues wish to hear the merits first. Thank you, Your Honors. May it please the court, John Peng on behalf of the petitioner appellant, Winston Cho Godfrey. Dismissal for mootness and vacature under Munsingware is appropriate at this juncture because the court's dismissal of Mr. Godfrey's underlying immigration petition for review and the motion for stay of removal extinguishes any relief that he originally sought before the district court and before this court. Any procedural protections that may come to a non-citizen who has a pending petition for review and a pending stay motion before this court. This court's dismissal of both of those matters makes it, in Hedrevaria's terms, Mr. Godfrey's removal both imminent and certain. There are no substantive impediments to his removal and from our latest updates from the local ICE office in Buffalo, they are making every effort to effectuate the removal order. At the present time, you are not pursuing any challenge under 1231? That's correct, Your Honor. So 1226 challenges moot and you're not raising a 1231 challenge? Correct, Your Honor. We agree that at this point, Cervides would be the frame to look at any potential challenge to 1231. However, it is premature because no time has elapsed yet. Okay, I want to be sure I understood you. Thank you, Your Honor. I think that in De Funes v. Odegaard, Supreme Court said that a matter becomes moot when a controversy ceases to be definite or concrete between the parties such that there is no adverse legal interest. Here, Mr. Godfrey no longer has an adverse legal interest against ICE. He and ICE both agree they want an efficient resolution to the removal for effectuation of the removal order. And so there is no concrete dispute now on a controversy over the process that may be due in the previous stance. That is still at play here. This Court has repeatedly dismissed and vacated under similar circumstances, most recently in Doe v. Decker. There it was the government challenging a forbearance finding against the government. But once this Court decided the petition for review and all parties agreed there was no forbearance dispute anymore, the Court dismissed and then vacated the portion of the district judge finding regarding the forbearance policy. And we think that is the appropriate relief here, too. I'm happy to address any further questions from the Court, but I'd be happy to reserve. Thank you. Thank you, Counsel. And you have reserved three minutes for rebuttal. Good morning, Your Honors. Julian Kurz for Appellees. May it please the Court, I'll start with the mootness issue. Mr. Godfrey presented two issues for the Court's review in this appeal. The first issue is whether his detention as a non-citizen who benefited from the government's forbearance policy is detained under AUSC Section 1226 or AUSC Section 1231. And the answer to that question turns... He's no longer held under 1226, right? Right? He's held under 1231, so why would we answer a question that's no longer relevant to his status? It is relevant to his status, Your Honor. Is that... So the answer to the... Is he held pursuant to 1231 right now? Yes, and Your Honor, and he has... So how is 1226 relevant to his current status? The question of whether the forbearance policy triggers AUSC Section 1231A1B2, and we argued that the policy does not trigger 1231A1B2. Mr. Godfrey argues that it does. But his petition, he has a final order of removal now. That's right. And his petition for a review of that final order of review has now been denied. So he's done. He's clearly under 1231, right? He is clearly under 1231. Excuse me, what does forbearance have to do with it? Let me explain, Your Honor. I'm anxious. Thank you. If the forbearance policy operates as a court-ordered stay of removal, then Mr. Godfrey is currently detained under 1231A2, and the government is required to detain him. On the other hand, if the forbearance policy, if the government's forbearance policy is not a court-ordered stay of removal, as we argue, then Mr. Godfrey is currently detained under 1231A6, which provides that the government may detain him, and under which he can obtain release if he shows under Zabidas that his removal So it's not a question of the timing? You say it's a question of the timing? Yes, because if the forbearance policy triggered 1231A1B2, then his removal If your opponent gets back up and concedes that he's held under the 90-day period and not the longer period, and he's not entitled to an application for release, does the case moot? No, Your Honor, the case is not moot, because that would arguably moot the first issue, but the second issue that he presented for review is whether his detention under either 8 U.S.C. 1226 or 8 U.S.C. 1231 violates the due process clause. Counsel just conceded, if I understood him correctly, that he no longer has a 1226 claim, and he's not bringing a 1231 claim because he recognizes that it's still within the 90-day period. So what is it that the government is concerned about here? Well, we don't think it is within the 90-day period. We think that he's outside the 90-day period. That's incredible. That's absolutely incredible for the United States to stand up here and say, you know what, we should let him go. Not that we should let him go. We ought to give him a hearing and let him go. You know, this is your standing. I'm going to have a hard time orienting myself in this world. I can appreciate that you want a determination on the forbearance policy, but perhaps maybe you can't have that. Doesn't it sound odd to you that your opponent stands up and says, we're not entitled, we think we're within the 90-day period, we're not entitled to a hearing, and what you just told me is you want a determination as to whether he's within the period of time under sub 6 where he's entitled to a hearing, a hearing for which he is not asked. That doesn't strike you as odd? I understand Your Honor's point, but we are arguing. What we want is clarity for the district courts on this issue. You want a ruling on forbearance from us. That's right. And not only that. So you want, what you want is an advisory opinion, and that is what we can't give. What ruling are we going to give him? I mean, it's not, there's not a right question if the plaintiff isn't, if the petitioner is no longer seeking any relief. So that's not consistent with the position that he presented in his brief. In his brief he wrote, quote, the court possesses all the necessary facts to rule on the due process question whether he is detained under 1226 or 1231. He's now saying that he's not pressing the 1231 issue anymore, but in that case the proper procedure is for him to withdraw this appeal. He is. He's moving to dismiss and withdraw. He did. I mean, he moved to dismiss. Well, then he can withdraw the appeal, but the decision below shouldn't be vacated. You want Judge Sinatra's decision on the books. You don't want the monk anywhere. That's right. There's no basis to vacate the district court's opinion because the issue is not moved in a constitutional sense. He has a concrete interest in seeking his release. He's still detained. You have a decision from this court that lets you remove him. How about next week? Why are we discussing what may or may not happen in the future? You have the authority now decided by this court to remove him. That's right, Your Honor. So when are you going to remove him? He may very well be removed within the next few weeks. Isn't that the solution to this whole case is getting someone whom the government has contested is removable and the court has now said to you, you're right, so remove him. That may very well happen, Your Honor, but there is no basis to vacate the district court's opinion because this case is not moved in the constitutional sense. He still has an interest in his release. He's detained under 1231. He said that the court possesses all the necessary facts to decide. What do you want to be sure he doesn't try to do between now and when you put him on a plane? What is it you're concerned that he will try to argue or urge or what? We're not concerned about anything that he might argue. He's not made any effort to show that his removal is not reasonably foreseeable, and it clearly is, but we are concerned that the district court's opinion stand and not be vacated. We're not authorized to just give out-of-the-blue advisory opinions once a party no longer has a case or controversy in front of the court. But, Your Honor, the standard for mootness is whether the court can grant effective relief, and there's no doubt that the court could grant effective relief. The court could determine that his detention under the statute under which he concedes that he's detained is unconstitutional. Is that what you're asking us to do? Judge Wesley, your concern is that if we don't decide this case, he won't have the opportunity for us to declare this statute unconstitutional? I'm concerned that the district court's opinion stand because the court can grant effective relief to him by- The district court didn't find the statute unconstitutional, or did I miss something?  No, it's the opposite. The district court found that the statute- Yes. Yeah, and we want that opinion to stand, Your Honor. Well, by dismissing this appeal as moot and in part withdrawn, we don't upset the district court judgment. It's just that you've got a district court judgment. You don't have a judgment from this court. Or Munsingway. The question is, well, he moved for vacatur under Munsingway. He's withdrawing. He's withdrawing part of the appeal as moot and he's not pursuing anything else. I don't understand that to be what he's- I'm sorry, Your Honor. I don't understand that to be what he's asking for. He moved for vacatur under Munsingway. If he wants to dismiss the appeal, he can do so pursuant to Rule 42B. Well, I don't blame you for wanting to preserve Judge Sinatra's decision because it's favorable to you. So I don't think it's venal for you to want to do that. But the question is whether it is moot or not. And litigants are allowed to take a position in their brief and then stand up in front of us and say, you know what? I've decided I'm going to waive that argument. They can do that. Okay, well, if you- They can do that. And litigants are allowed to stand up in this courtroom and say to us, we no longer intend to raise the 1226 argument. We do not. We concede that we are validly held. Counsel's represented here that he's conceded that he's validly held under 1231 and that he's within the 90 days of each period for which he's totally within what's already been defined by the Supreme Court as within constitutional limits. End of controversy. Our position is that he's not within the 90-day limit. The 90-day period began in May 2023 when the BIA affirmed his removal order. That would be nice, but resolving your controversy is not essential to resolving the status of Mr. Engstlein. I'm sorry. Is it? I apologize, Judge West. Okay. I just wanted to take a look at the statute here. Let me get it in front of me. But you're not taking the position that our decision, our final decision in this case is the operative date for setting the clock? Correct, Your Honor. And is that the position you take in all your litigation? Yes, Your Honor. Or just this case? Yes. I would urge the court to read. This involves the interplay of several subsections of 1231, and I would urge the court to consider this issue. So I know we filed our response brief just late yesterday, and we wanted to get it on file before the argument. But, yes, this question involves the interplay between 1231A1B2 and 1231A2 versus 1231A6. But, yes, our position is that the forbearance policy does not operate, the government's forbearance policy does not operate as a court-ordered stay of removal. Therefore, he has been detained under 1231A6 since the BIA affirmed his removal order in May 2023. How am I supposed to understand 1231A1B, which talks about the removal period beginning on the latest of, one of which is the date of the administrative finality of removal, but the other of which is if there's a judicial review, the date of the court's final order, I would have thought that that second one became the later day. What is incorrect about that? No, Your Honor, because the B2, the one you just referenced, comes into play only if, quote, a court orders a stay of the removal of the alien. And here, the court denied God for his motion to stay removal. What he's arguing is that the government's forbearance policy, in effect, is the court ordering a stay of removal. And we disagree with that. Our policy is not on a court-ordered stay. Okay, thank you. Thank you for clarifying that. Yes, and this determines whether he is detained under 1231A2, which requires the government to detain him, versus under 1231A6, under which he may be detained and can obtain release if he shows that his removal is not reasonably foreseeable, which he can't and he hasn't even attempted to do. And you're saying he is under A2 rather than A6?  A6. No, Your Honor. We are saying that he's under A6. And we have no problem with him being under A6 because he hasn't even attempted to show that his removal is not reasonably foreseeable. Okay. Thank you. Thank you, counsel. Thank you, Your Honors. You have reserved three minutes for rebuttal. Attorney Peng. Thank you, Your Honors. First, I'd like to pick up from this last point about A2 or A6. I, again, will concede that we are not pressing a due process challenge to either of those statutes for Mr. Godfrey. However, I will say if counsel for the government wants a decision on the forbearance policy, an interpretation by this court about the forbearance policy applies to everyone. A6 only allows detention of someone like Mr. Godfrey with a criminal conviction. So it does not apply to someone who doesn't have a criminal conviction. All right. Let me get to the circumstances here. If we start to look at the administrative date as the 90 days you weren't within the period. You were premature in the district court. Do you agree with that? Under that, yes. If it's the date of this court's order, you're too early now. You don't have it. But one way or the other, you concede. You don't have a viable 1231 claim. That's right. We're not pressing a challenge there. Okay. Yes. I will say counsel has— What if any argument are you going to advance after you've finished in this court to preclude removal? I'm sorry? Do you have any arguments that you're still going to advance to challenge removal if they try to remove your client in the next couple of weeks? Not unless the 180 days runs and we do fall into the posted VITAS context. My colleague from the government also talked about our claim in the brief about 1231, 1226, and what process made me do. And I'm afraid he might have given me more credit than I was due because we were pressing a procedural as-applied challenge to Mr. Godfrey's circumstances. The factual predicate is what causes the challenge. So our request for Matthew's application and for any process that may be due for Matthews flows directly from the as-applied factual basis that Mr. Godfrey had a pending petition for review and had a pending motion. The district court dismissed that as premature under 1226. Yes. And you now concede the district court was correct. And then during the pendency of this appeal, his petition was denied by a different panel of this court, and now a new 90-day period has begun. In your motion to dismiss your appeal, you seek a vacatur. Yes. Can you address why? I mean, I looked at your brief, and you cite just the general practice is to remand, dismiss, remand with an order to vacate. Why should we vacate the district court opinion? Because that's what the government seems concerned about.  And, Your Honor, I think it stems from our general, as a practitioner, my general interest, too, is also to get a decision from this court regarding the forbearance policy. It's been an issue that's been before this court in a number of cases, of which I've handled as well. And so I share the government's interest in that. However, Mr. Godfrey is no longer in forbearance. The forbearance policy doesn't apply to him. There is no reasonable likelihood that he would be placed back under forbearance policy. And so we believe that we haven't been able to get our chance to litigate that segment of the issue through no fault of either party. It's a collateral event that occurred that made it so we can't fully litigate that issue. And so for that reason, I think Monsonware is applicable, just as this court has applied it, to the number of habeas litigation in the past, where we haven't been able to answer this specific question about the forbearance policy. Okay. Thank you. Thank you, counsel. We'll reserve decision on this matter. Thank you. So, counsel, we're just going to take a five-minute recess, and we'll be right back on the bench. I'll ask our clerk to just recess for five minutes. Thank you. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Clause for the recess. Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you. Thank you.   Judges, the United States court propels to the second circuit. I guess it's still good morning. We're all back. Thank you. The court took a brief recess.